UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELEN FORD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF HUDSON, HUDSON COUNTY DEPARTMENT OF CORRECTIONS, OSCAR AVILES, and DAVID KRUSZNIS,<br><br>　　　　Defendants. | Civ. No. 07-5002 (KM) (SCM)<br><br>OPINION & ORDER |

## I.　INTRODUCTION

This matter comes before the Court on Plaintiff Helen Ford's unopposed motion to review and to amend the order of the Clerk of Court (ECF no. 284) taxing costs against Ford in favor of Defendant David Krusznis.

Because I write for the parties, I do not summarize the facts and history of the case. This Opinion should be read as a companion to my Opinion awarding costs and attorney's fees to Ford, also filed today.

Ford prevailed at trial to the limited extent of an award of damages totaling $39,338.75 against Krusznis's co-defendants, the County and Aviles. Defendant Krusznis, however, was not found liable on any claim, and a no-cause judgment was entered as to him.

On April 6, 2016, the County and Krusznis, as a prevailing party, moved pursuant to Fed. R. Civ. P. 54 and Local Civil Rule 54.1 for an order taxing Ford with Krusznis's costs.[1] (ECF no. 252) Ford opposed the motion, arguing

---

[1] Krusznis and the County were jointly represented. The County, however, was not a prevailing party, and was not moving for costs on its own behalf. Aviles, who had separate counsel, also was not a prevailing party, and does not move for costs.

1

that certain costs for computer-assisted legal research were not taxable costs under 28 U.S.C. § 1920. (ECF no. 256) Ford also generally objected to any taxation of costs in favor of Krusznis because it was the County—a non-prevailing party—that footed the bill. (ECF no. 256) On July 6, 2016, the Clerk entered an Order granting in part and denying in part Krusznis's motion, and taxing against Ford $5796. (ECF no. 280)

On July 13, 2016, seeking reduction or denial of any taxation of costs in Krusznis's favor, Ford moved for this Court's review of the Clerk's Order and Judgment, pursuant Fed. R. Civ. P. 54 and Local Civil Rule 54.1. (ECF no. 284) Krusznis has not submitted a response.

## II. LEGAL STANDARD

Under Rule 54 and Local Rule 54.1, the Clerk may tax costs—but not attorney's fees— in favor of a prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Local Civil Rule 54.1(g) enumerates ten general rules for the Clerk to observe in taxing costs. On appeal from the Clerk's taxation of costs, the Court may uphold, reduce, or reverse the award pursuant to Fed. R. Civ. P. 54 and Local Civil Rule 54.1. *See Reger v. The Nemours Foundation, Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) ("[I]f a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so."); *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 458 (3d Cir. 2000) ("Given the district court's discretionary equitable power to award costs under Rule 54(d)(1), taxation of costs is reviewed only for abuse of discretion.").

## III. DISCUSSION

Ford argues that the Clerk's taxation of costs in favor of Krusznis should be reversed in its entirety because Krusznis incurred no costs. The costs, she says, were both incurred and paid by the County, a non-prevailing party. Ford contends that the Court should assume, until proven otherwise, that the County made no special expenditures on Krusznis's behalf that it would not have expended on its own account, even if it had been the only defendant.

The Clerk rejected Ford's argument, relying on several courts that have taxed costs without inquiring into the source of the payment of the costs or whether the prevailing party agreed to reimburse its third-party benefactor. *See Guarrasi v. Gibbons* Civ. A. No. 07-5475, 2011 WL 382598 (E.D. Pa. Feb. 3, 2011) (collecting cases). (Clerk's Order, ECF no. 280 at 3–4) Ford, however, distinguishes the cases the Clerk cites as situations in which a *non-party*, such as an employer or insurer, ultimately absorbs the costs. Here, Ford argues, an award of costs would effectively reimburse a *non-prevailing defendant* for its costs.

I agree with Ford that this case is distinguishable from those cited by the clerk. True, I would not deny a prevailing party taxable costs merely because it was jointly represented, or merely because a co-defendant or other party happened to foot the bill. But where a non-prevailing party actually paid the costs on its own account, where there is no indication that costs were ever billed to the prevailing party at all, and where there is not demonstration of some benefit specific to the prevailing party, an award of costs is not appropriate.

Under these unique circumstances, Krusznis was a tag-along; in terms of costs, this action cost him nothing. He was not billed or reimbursed for costs in any manner.[2] Accordingly, I will grant Ford's unopposed motion to vacate the Clerk's award of costs.

---

[2] Although Ford did not object to $240 in witness fees in her opposition to Krusznis's motion for taxation of costs, she objects now. A district court reviews the Clerk's cost award *de novo* and "retain[s] the discretion to assess independently the factual record, whether the record consists of new evidence or old." *In re Paoli.*, 221 F.3d at 461–62. The testimony of these witnesses, says Ford, did not relate to Krusznis. (ECF no. 252-1) Although the point is moot, I would agree that these witnesses were called by the County, not Krusznis, and would therefore deduct the $240 in witness fees from the taxed costs, leaving $5556.

3

## ORDER

For the foregoing reasons,

IT IS this 8th day of March, 2017

ORDERED that the plaintiff's unopposed motion (ECF no. 284) to reverse the Clerk's order and judgment taxing the plaintiff with $5796 in costs in favor of defendant Krusznis is GRANTED. The Clerk's order and judgment (ECF no. 280) is hereby reversed.

_____
KEVIN MCNULTY
United States District Judge